**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 02, 2024.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| HEART OF TEXAS SHOOTING CENTER, | § | Case No. 23-60263-mmp |
| LLC, | § | |
|     Debtor. | § | |

### ORDER GRANTING DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

This cause came before the Court at a hearing on April 30, 2024, at 1:30 pm to the consider the *Debtor's Motion to Dismiss Case* [Case No. 23-60263 ECF No.112] (the "Motion") filed by Debtor Heart of Texas Shooting Center, LLC (the "Debtor") as well as the objection titled *Limited Objection to Motion to Dismiss* filed by Eric Terry as Subchapter V Trustee and the objection titled *The First National Bank of McGregor's Objection to Debtor's Motion to Dismiss Case* filed by The First National Bank of McGregor. At the hearing, the Court considered such filings, the record, argument of counsel and sworn testimony. Good cause has been found for dismissal under 11 U.S.C.

1

Section 1112 and the Court has found that dismissal of the above-captioned bankruptcy case is in the best interests of creditors and the estate. Accordingly, it is

ORDERED that the Motion is granted;

ORDERED that this Chapter 11 case hereby dismissed subject to the conditions and terms set forth herein;

ORDERED that Eric Terry (Subchapter V Trustee) shall file a final fee application within 30 days of the date of entry of this Order;

ORDERED that the Subchapter V Trustee shall file a final report as required by 11 U.S.C. § 1183(b)(1) within 30 days of entry of any order related to the Subchapter V Trustee's final fee application;

ORDERED that the Subchapter V Trustee is discharged immediately upon entry of this Order;

ORDERED that notwithstanding entry of this Order and dismissal of the case, the Court retains jurisdiction to consider and determine professional fee applications (including the Subchapter V Trustee's fee application), to determine the amount and reasonableness of professional fee applications under 11 U.S.C. § 330 (or other applicable law) and Federal Rules of Bankruptcy Procedure 9013, to approve such fees as an administrative expense priority, and to enter final orders/judgments on professional fee applications;

ORDERED that the effectiveness of such dismissal is conditioned upon the Debtor's filing of monthly operating reports through the month of April 2024 no later than May 10, 2024; and

ORDERED that, notwithstanding entry of this Order and dismissal of the case, the Court retains jurisdiction to hear any matter arising out of any sale of the Debtor's inventory outside of the ordinary course of business.

# # #

Prepared and submitted by:

David N. Stern
Barron & Newburger, P.C.
7320 N. MoPac Expwy., Suite 400
Austin, TX 78731
dstern@bn-lawyers.com
512.881.3821

Counsel for the Debtor